UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOYCE PREBUL TEER,                )
                                  )
    Plaintiff,                    )
                                  )  Case No. 1:10-CV-251
    v.                            )
                                  )  Carter/Collier
MICHAEL J. ASTRUE                 )
Commissioner of Social Security   )
                                  )
    Defendant.                    )

## **M E M O R A N D U M**

Plaintiff Joyce Teer ("Plaintiff") brought this action on September 3, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(l), 423. The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for judgment on the pleadings (Court File No. 11) and Defendant's motion for summary judgment (Court File No. 15). The magistrate judge filed an R&R (Court File No. 17) recommending Defendant's motion for summary judgment be denied (Court File No. 15), Plaintiff's motion for judgment on the pleadings be granted (Court File No. 11), the Commissioner's decision be reversed, and the case be remanded under Sentence Four of 42 U.S.C. § 405(g) for an award of benefits on a period of disability commencing March 15, 2001. Defendant timely filed an objection to the R&R (Court File No. 18). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 17).

I.    **STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.

1994).

## II.    DISCUSSION

Here, Defendant objects solely to the magistrate judge's recommendation that the case be remanded for an award of benefits, rather than remanded for additional administrative proceedings.[1] According to Defendant, unresolved factual issues counsel remanding the case for further development in lieu of an immediate award of benefits. The Court disagrees.

Defendant lists three areas where material factual issues allegedly persist. First, Defendant argues that even if the magistrate judge correctly found the ALJ erroneously relied on immaterial inconsistent statements by Plaintiff to make an adverse credibility determination, other contradictions in the record warrant remanding for further credibility determinations. Defendant regards Plaintiff's 2005 statements that she can feed her cat (though not change the litter box), cook canned soup and sandwiches, and perform "light housework" (though not yard work, vacuuming, or sheet changing) (TR 214-16), as undermining her contention of disability. However, the Court fails to see how these remarks are relevant to Plaintiff's credibility. They are not inconsistent with her claims of hip and back pain, weakness, and mobility problems. Indeed, and tellingly, the ALJ did not consider these remarks at all when discussing why he found Plaintiff lacking in credibility. Accordingly, the Court finds there is no need to remand the case for further credibility determinations.

Second, Defendant argues that even if the magistrate judge correctly found the ALJ

---

[1] Defendant does not take issue with the magistrate judge's basic recitation of the facts, thus the Court will not repeat them here.

3

erroneously discounted the opinion of treating physician Dr. Williams, other medical evidence in the record contradicts Dr. Williams' opinion, thus creating unresolved factual issues. However, the Court agrees with the magistrate judge that Dr. Williams' opinion greatly outweighs the opinions of any other physicians, thus these other opinions do not create "*essential* factual issues." *Faucher*, 17 F.3d at 176. Treating physicians' opinions are typically to be accorded greater weight than the opinions of non-treating physicians, or physicians who see a plaintiff only once. *See Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981). In fact, the ALJ "must" give the treating physician's opinion "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Blakley*, 581 at 406 (quotation omitted).

Here, it is not disputed that Dr. Williams' medical opinion as to Plaintiff's disability was well-supported by medically acceptable techniques. In contrast to Dr. Williams, who was Plaintiff's treating physician, the other doctors whose opinions Defendant cites did not have long treating relationships with Plaintiff, nor did their records contain the same level of support and explanation. Indeed, some of the state agency physicians whose opinions Defendant cites never examined Plaintiff at all. Accordingly, and in light of the magistrate judge's determination the ALJ wrongly rejected Dr. Williams' opinion – a determination Defendant does not contest for purposes of this motion – the Court finds Dr. Williams' opinion is entitled to controlling weight. Any other medical opinions are entitled to little or no weight, and are therefore insufficient legitimate factual issue to be determined on remand.

Finally, Defendant argues there was inconsistent opinion evidence related to Plaintiff's

4

mental limitations which counsels a remand for further proceedings rather than award of benefits. However, Defendant misconstrues the role consideration of Plaintiff's bipolar disorder played in the magistrate judge's analysis. The magistrate judge did not use Plaintiff's bipolar disorder as independently sufficient grounds for a finding of disability. Rather, after discussing at length the overwhelming evidence supporting a finding Plaintiff was unable to work, the magistrate judge opined Plaintiff's bipolar disorder "*only complicates her situation* making gainful employment not possible" (Court File No. 17, p. 31) (emphasis added). While different psychological evaluators offered slightly different opinions on the degree to which Plaintiff's bipolar and other psychological disorders would affect her ability to work – a fact the magistrate judge acknowledged – it is not in dispute that Plaintiff actually suffers from bipolar and other psychological disorders. Whatever the extent, the Court agrees with the magistrate judge that these impairments "only complicate" Plaintiff's situation, a situation already marked by overwhelming evidence of disability.

In sum, the Court agrees with the magistrate judge that proof of Plaintiff's disability is overwhelming. The three "unresolved factual issues" Defendant identifies are either non-issues or minor in nature, and do not warrant remand for further determinations.

### III. CONCLUSION

The Court has considered Defendant's objection after its complete review of the record, and has found it without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 17). The Court will **GRANT** Plaintiff's motion for judgment on the pleadings (Court File No. 11), **DENY** Defendant's motion for summary judgment (Court File No. 15), **REVERSE** the Commissioner's decision, and **REMAND** to the Commissioner under Sentence

5

Case 1:10-cv-00251-CLC-WBC   Document 19   Filed 09/28/11   Page 5 of 6   PageID #: 117

Four of 42 U.S.C. § 405(g) for an award of benefits based on a period of disability commencing March 15, 2001.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**