UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOYCE PREBUL TEER | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 1:10-cv-251 |
| | ) | (COLLIER/CARTER) |
| MICHAEL J. ASTRUE, | ) | |
|   Commissioner of Social Security | ) | |
|     Defendant | ) | |

## **REPORT AND RECOMMENDATION**

### I. Introduction

Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26), is before the undersigned having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b).

### II. Discussion

In order to recover attorney's fees under 42 U.S.C. § 406(b), the following conditions must be met:

(1)    The Court must have rendered a judgment favorable to Plaintiff;

(2)    The Plaintiff must have been represented by counsel; and

(3)    The Court finds the fee reasonable and not in excess of twenty-five (25) percent of the total of past due benefits to which Plaintiff is entitled.

Plaintiff's counsel sets out the fee contract which authorizes a twenty-five (25) percent contingence fee (Doc. 27-2). Counsel seeks a fee of $8,956.00 which along with $3,792.60 in EAGA fees previously authorized, represents far less than eleven (11) percent of past due benefits. Plaintiff's counsel has previously received $3,792.60 in EAJA fees which will be refunded to Plaintiff (See Doc. 25 and Plaintiff's Memorandum, Doc. 27 p. 3).

1

In the instant case, the Commissioner has filed no response in opposition to the requested award of attorney's fees under 42 U.S.C. § 406(b). I conclude, based on the work performed, this fee is reasonable. Having reviewed the record, I conclude Plaintiff has met all requirements to receive fees under 42 U.S.C. § 406(b).

### III.   Conclusion

Accordingly,   it is **RECOMMENDED** Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) be **GRANTED**.[1]   It is further **RECOMMENDED** that Plaintiff be awarded attorney's fees in the amount of $8,956.00 which represents less than eleven (11) percent of past due benefits, subject to the EAJA offset of $3,792.60 which is to be refunded to Plaintiff.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.   Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.   Failure to file objections within the time specified waives the right to appeal the District Court's order.   *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985).   The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.   *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).   Only specific objections are reserved for appellate review.   *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).